FREDERIC F. BAHNSON, D. A. HEGGIE, AND SOUTHERN STEEL
STAMPINGS, INC., v. WILLIAM P. YOW.

(Filed 27 January, 1937.)

APPEAL by plaintiffs from *Armstrong, J.,* at September Term, 1936, of
FORSYTH. Affirmed.

This was a civil action instituted in the Forsyth County court to
compel the specific performance of a written contract providing for the
assignment of certain patent rights to the plaintiff corporation. The
defendant filed an answer and also a further defense and counterclaim.
In apt time, and before filing a reply or other pleadings, the plaintiffs
filed a written motion to strike out said further defense and counter-
claim, and also certain specified portions thereof for reasons assigned.
The motion to strike out was allowed in part and denied in part by the
Forsyth County court. The plaintiffs excepted to each adverse ruling
of said court and appealed to the Superior Court for Forsyth County,
as appears of record. The appeal was heard before his Honor, Frank
M. Armstrong, who rendered the following judgment:

"This cause coming on to be heard and being heard before his Honor,
Frank M. Armstrong, judge presiding at the 21 September, 1936, Term
of the Superior Court, and being heard on appeal from the Forsyth
County court, and it appearing to the court that this is an appeal from
a motion to strike out certain portions of the further defense and counter-
claim of the defendant, and after considering the matter and hearing
argument of counsel. It is therefore considered, ordered, and adjudged
that the action of the county court in overruling plaintiffs' motions and
exceptions as set out in assignments of error Nos. 1, 2, 3, 4, 5, 6, 8, 9,
10, and 11 be and it is hereby affirmed; that as to assignment of error
No. 7, the action of the Forsyth County court is affirmed in part and
overruled in part, as follows: The court erred in failing to strike from
the pleadings, in line two, the words 'secret, underhanded and,' and in
line seven the word 'secret'; except as herein modified, the action of the
trial court in overruling plaintiffs' motion and exception as set out in
assignment of error No. 7 is hereby ratified and affirmed. Frank M.
Armstrong, Judge presiding."

The plaintiffs made numerous exceptions and assignments of error,
and appealed to the Supreme Court.

*Hastings & Booe and Peyton B. Abbott for plaintiffs.*
*John D. Slawter, L. L. Wall, and Richmond Rucker for defendant.*

PER CURIAM. We have read the record and briefs of the litigants with care. As this cause will be heard on its merits, we do not consider it necessary to go further than to state that we think the court below, on the present record, was correct in its rulings. Therefore, the judgment is

Affirmed.

ERCEL JACKSON ET AL. v. BRANCH BANKING & TRUST COMPANY ET AL.

(Filed 24 February, 1937.)

**Appeal and Error § 38—**

Where the Supreme Court is evenly divided in opinion, one Justice not sitting, the judgment of the lower court will be affirmed, in accordance with the usual practice.

APPEAL by plaintiffs from *Barnhill, J.,* at October Term, 1936, of WASHINGTON.

Civil action for accounting.

Plaintiffs allege that in 1933 they secured a loan of $9,250 from the Home Owners Loan Corporation with which to pay off an indebtedness due the defendant, said indebtedness being secured by deed of trust on their residences; that in taking the bonds of the HOLC the defendant credited plaintiffs with only 85 per cent of their face value; wherefore, they sue for the remaining 15 per cent, amounting to $1,387.50, with interest and costs.

The defendant denies liability, pleads express agreement and ratification on the part of plaintiffs, prior to act of Congress inhibiting such agreements, and contends that plaintiffs may not accept the benefits of said agreement and at the same time repudiate its burdens; that if they would rescind they must do so *in toto. Starkweather v. Gravely,* 187 N. C., 526, 122 S. E., 297.

From verdict and judgment exculpating defendant from liability, the plaintiffs appeal, assigning errors.

*Sidney A. Ward and H. S. Ward for plaintiffs, appellants.*
*W. L. Whitley and Z. V. Norman for defendants, appellees.*

PER CURIAM. One member of the Court, *Schenck, J.,* being absent, and the remaining four being equally divided in opinion as to whether the matters of law or legal inference, debated on argument and brief, are presented by the record, the judgment of the Superior Court, accordant